6850

FISHBURNE v. SIGWALD.

Wills—Limitation of Estates.—A devise to my daughter H. for life
and after her death "to be equally divided between my daughter S.
and my son A., to them and their heirs share and share alike, the
child or children of the deceased child to represent and take the
parent's share," carries a fee simple to the daughter S. and the son A.

Before Watts, J., Charleston, March Term, 1907. Af-
firmed.

Action by Sophia H. M. Fishburne against Catherine E. Sigwald. From order sustaining demurrer, plaintiff appeals.

*Messrs. Wm. N. Graydon* and *Julian Fishburne,* for appellant, cite: 37 S. C., 255; 4 Dess., 459; McM. Eq., 245; 3 Strob. Eq., 66; 3 Rich. Eq., 156; 10 Rich. Eq., 362; 13 S. C., 532; 25 S. C., 292; 67 S. C., 134.

*Messrs. Geo. Momeier* and *Benj. H. Rutledge,* contra. *Mr. Rutledge* cites: 66 S. C., 158; 4 Kent., 229.

April 9, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff brought this action to recover of defendant the possession of the undivided one-half of a lot of land in the city of Charleston, S. C. Upon demurrer for insufficiency, Judge Watts dismissed the complaint.

The question presented by the appeal from the order involves the construction of the following clause of the will of Sophia Frances Shephard Wilson: "Item 3. To my daughter, Helen Hunter, I devise my farm on Charleston Neck, that she may enjoy the rents, issues and profits derived therefrom for her support, and after her death to be equally divided between my daughter Sophia Shepherd Marion and my son Alexander B. Wilson, to them and their heirs, share and share alike, the child or children of the deceased child to represent and take the parent's share."

The lot in question is a part of the premises described above and the plaintiff bases her claim to the property under the foregoing clause of the will. The testatrix died in 1873 and left surviving her three children, her daughter Helen Hunter Wilson, the life tenant, her son, Alexander B. Wilson, her daughter, Sophia Shephard Marion, and her grandchildren, Theodore H. Wilson, Augustus S. Wilson and

Sophia F. S. Wilson, children of Alexander B. Wilson; and her granddaughter, Sophia H. M. Marion, now Fishburne, the plaintiff herein, who is a daughter of Sophia Shephard Marion (born Wilson). The life tenant, Helen Hunter, died in 1890, and Alexander B. Wilson predeceased the life tenant. Sophia Shephard Marion went into possession of the premises and thereafter purchased the interests of those claiming to be representatives of Alexander B. Wilson. Subsequently she executed a mortgage thereon to Jospeh W. Barnwell, as trustee, which was afterwards foreclosed and under the sale of said premises, the lot in question passed into the possession of defendant.

We are of the opinon that Judge Watts has clearly and satisfactorily construed the will in the following language: "The question is, what estate did the testatrix give to her children, Sophia Shepherd Marion and Alexander B. Wilson? It is contended in behalf of the plaintiff, that the word 'heirs' in this devise is to be construed to mean children, so that upon the death of either Alexander or Sophia, her or his interest would go to his or her children and not to his or her heirs generally, and it was said in support of this that the words 'share and share alike,' occurring after the word 'heirs' in the devise sustains this construction. A number of cases have been cited from our own reports in which the word 'heirs' has been held to mean 'children,' and while the Court has sometimes, in order to prevent intestacy and give effect to the will, so construed the word, but the courts are not inclined to change the phraseology of the will of the testator and will never do so except when necessary for the purpose named. I do not think that any of the cases cited would justify me in holding that in the case at bar, a word having an entirely different meaning should be substituted for that used by the testatrix. Nor do I think that the construction of this clause as written is at all doubtful. The devise is to Sophia and Alexander, to them and their heirs, share and share alike, and I think the evident intention is to give to Sophia and Alexander, share and share alike, to them

and their heirs. The simple transposition of the terms is far more likely to carry out the intention of the testatrix than to change the word 'heirs' to the word 'children.'

"Nor does the addition of the words 'the child or children of a deceased child to represent and take the parent's share,' render it necessary to hold that Sophia and Alexander took any less estate than an absolute estate in fee simple. This additional provision was simply to provide for the devolution of the estate in case either of these children died during the life of the life tenant, and was not intended in any way to abridge the estate given to the two children named, except by the way of substitutional or alternative fee, the children or child dying in the lifetime of the life tenant should take the share of the child so dying. It is clear that the death of a life tenant is the time fixed for the vesting of the fee. No other time is named in the clause under consideration and the construction thus put upon this clause is, to my mind, the plain intention of the testatrix. If confirmation of this view were necessary, it will be found in the fact, whenever in the other clauses of the will, the testatrix desires to make provision for children or grandchildren, she uses these terms in their proper connection and with exact reference to the object of her bounty. The will was drawn evidently with clear apprehension of what she wanted to do, and it will not do to take one clause of the will and change technical language having a fixed meaning in law, to other technical language or to any other form of expression, when the testatrix herself has discriminated and used the language necessary to express her intention. For the reasons above stated, the demurrer must be sustained and the complaint dismissed."

The judgment of the Circuit Court is affirmed.