### 9346

#### BUIST v. WALTON *ET AL.*

(88 S. E. 357.)

1. WILLS—CONSTRUCTION—LANGUAGE.—The words of a will are to be taken in their ordinary, plain import, unless it is manifest from the context or from the subject matter that the testator intended to use them in a different sense, or unless a reading of the words in their ordinary sense will lead to some absurdity, repugnancy, or inconsistency with the declared intention of the testator as ascertained from the whole will, in which case the ordinary meaning may be modified, extended, or limited.

2. WILLS—CONSTRUCTION—GIFT TO·A CLASS.—Under a will an estate given in trust for life, with a provision that, if the life tenant died without surviving issue, the principal should be equally divided between seven named cousins or such of them as might on the happening of such a contingency be alive, their issue alive on such contingency to represent their parents, was a gift to a class, and on the death of all the persons of the class before the death of the life tenant dying without issue the interest of the class was eliminated and destroyed absolutely.

3. WILLS—CONSTRUCTION—EXECUTORY DEVISE.—In such case the living issue of the deceased cousins stood in their place and took as executory devisees by purchase directly under the terms of the will.

Before SEASE J., Charleston, June, 1915. Affirmed.

Action by Henry Buist, as substituted trustee under the will of Caroline A. Sifly, for a construction of the will, against Cornelia S. Walton, Walter G. Knight, as executor of Caroline E. A. Norris, deceased, and others. Report of

the master construing the will confirmed, and defendant, Knight, executor, etc., appeals.

*Mr. J. P. K. Bryan,* for appellant, cites: *As to definition of "issue" and "share."* Civil Code, sec. 3574; 2 Bailey 442; 6 Rich. Eq. 26; 2 McC. Chan. 214-256; 72 S. C. 182; 79 S. C 551; 2 Hill Ch. 638-642; 1 Bailey Ch. 303; 1 McM. Ch. 78; 89 S. C. 540. *Intestacy:* 1 Rich. Eq. 61; 2 *Ib.* 43; 3 *Ib.* 244. *Construction of technical terms:* 6 Rich. Eq. 26; 91 S. C. 404; 66 S. C. 155; 95 S. C. 276, 283. *Trusts for next of kin:* 5 Rich. Eq. 450. *Conversion into personalty:* 1 DeS. 173; 5 Rich. Eq. 202; 8 Rich. Eq. 79 and 291.

*Messrs. James Simons, John F. Ficken* and *Geo. L. Buist,* for respondents, cite: *As to interpretation of words:* 40 Cyc. 1396. *Gift to class:* 40 Cyc. 1473; 96 Mass. 528; 62 S. C. 494; 25 S. C. 358; 11 S. C. 1. *Substitution provided for:* 72 S. C. 179; 79 S. C. 551; 34 S. C. 68; 66 S. C. 155; 91 S. C. 404; 44 S. C. 503; 13 Rich. Eq. 104; 26 S. C. 470. *Presumptions of law:* 46 S. C. 262; 26 S. C. 450; 34 S. C. 68; 6 Rich. Eq. 26.

March 18, 1916.

The opinion of the Court was delivered by Mr. Justice Watts.

This was an action brought by the trustee, Henry Buist, to have the Court construe the will of the testatrix, Caroline A. Sifly, and particularly the clause which is as follows:

"But if it should so happen that the said Caroline E. A. Norris should depart this life without leaving surviving her child or children, one or more, or the issue of a deceased child, then upon the decease of the said Caroline E. A. Norris, I order and direct that the said principal shall be equally divided between my seven cousins, Mrs. Emma Bryant, Mrs. Sophia Frost, Miss Rose A. M. Naser, Mrs. Eliza M. Walton, Mrs. Caroline A. Purse, Mrs. Henri Ella E. Bird

and Mrs. Anna M. Strobel, or such of them as may, on hap-
pening of such contingency, be alive, the issue, however, of
such of my said cousins as may be alive on such contingency
to represent his, her or their parent, and to take the share
which his, her or their parent would have taken if alive."

By the will of Mrs. Sifly, Caroline E. A. Norris was the
life tenant of the trust with limitations over on various con-
tingencies.   Miss Norris died on June 3, 1914, unmarried
and without children.   All of the seven above named per-
sons died before the death of Miss Norris, four of them
without issue.   Of the other three Mrs. Walton was sur-
vived by two daughters, the defendants, Walton and Snider,
Mrs. Purse was survived by one daughter, the defendant,
Dickson, and Mrs. Bird by one daughter, the defendant,
Holman, and by two granddaughters, the defendants, Parker
and Queen.   If Mrs. Sifly had died intestate, her heir at
law would have been Miss Norris, who was a life tenant
under the will.   The defendant, Knight, is the executor of
Miss Norris.   After issue joined the whole matter was
referred to F. K. Myers, Esq., master, under a general order
of reference.   There is practically no dispute as to the facts.
The master made his report and held that under the para-
graph of the will quoted the surviving issue of the benefici-
aries named therein take the trust fund by representation of
their respective forebears.   The defendant, Knight, excepted,
and the case was heard by his Honor, Judge Sease, who over-
ruled the exceptions and confirmed the report of the master
in all respects.   The defendant, Knight, appeals, and by
eight exceptions questions the correctness of his Honor's
decree.   These exceptions raise two points of law: (1) Was
there survivorship among the seven named beneficiaries?
(2) Is the substitution provided for such that the issue of
deceased named beneficiaries succeed to all the rights of the
deceased forebears, and take among them the entire estate?
If these questions of law are answered in the affirmative, the
appeal must fall.   A plain reading of the terms of will and

7—104

construing the words of the will in the ordinary import of the words will show that the master and Circuit Court properly construed the will.

In this case there is nothing whereby a technical rule of construction could do away with the ordinary import of words. It is the general rule of construction that the words of a will are to be taken in their ordinary plain import. Under the heading of Wills (volume 40), Cyc., p. 1396, says as follows:

"*Primary or Ordinary Meaning of Words.*—A testator is presumed to use the words in which he expresses himself in his will in their primary or ordinary sense, and in construing the will the words employed are to be taken in that sense, unless it is manifest from the context of the whole will, or from the subject matter, that the testator intended to use them in a different sense, or unless a reading of the words in their primary or ordinary sense will lead to some absurdity, repugnancy, or inconsistency, with the declared intention of the testator as ascertained from the whole will, in which case the natural and ordinary meaning of the words may be modified, extended, or abridged. Where the words, when given their natural, ordinary, or popular meaning, are plain and unambiguous, and show a clear intention on the part of the testator, they must be given that meaning, notwithstanding their effect, and such meaning cannot be departed from for the purpose of giving effect to what it may be supposed was the intention of the testator, or merely because they lead to consequences which are capricious or even harsh or unreasonable."

The will does not give one-seventh of the fund to each of the seven cousins, but orders and directs that the fund shall be equally divided between the seven cousins (naming them) or such of them as may on the happening of such contingency (namely, the death of the life tenant without leaving issue at her death) be alive. If the will had stopped here, on the death of the life tenant with-

out leaving issue then living, if all the cousins had died before her, there might have been a case of intestacy. If all had died except three, and these three had been living at the death of the life tenant, these three would have been entitled to the fund in equal shares, but the will goes on and provides as follows:

"The issue, however, of such of my said cousins as may have departed this life leaving issue, and who may be alive on such contingency to represent his, her or their parent and take the share which his, her or their parent would have taken if alive."

Under the will those beneficiaries living at the happening of the event should share the estate. As each beneficiary died, her contingent interest in the fund, unless she left issue, was as if it had never been, and as if her name had not been mentioned in the bequest, for the will says:

"Such of my seven cousins as shall be alive at a certain time are to share my estate."

This is obvious and plain, and, inasmuch as all of the seven cousins died before the termination of the life estate of Miss Norris, and the fund under the terms of the will was to go to such of them as might be alive at the time of such termination, the interest of each of the seven cousins was eliminated and destroyed absolutely, and the estate vested in the issue living at such termination, as under the will such issue were the only persons who could take. The bequest under the will was a gift to a class composed of the seven ladies named. Which would take depended upon their being alive at Miss Norris' death, and the amount each would take depended upon how many of them would be alive at that time.

"Where a legacy is given to a class of persons in general terms as tenants in common, the death of one or more of them before the testator will not cause a lapse of any part of the fund, but the survivors of the class will take the whole." *Schaffer* v. *Kettell,* 14 Allen (96 Mass.) 528.

The time of determining the class under the will was the death of Miss Norris without issue. This was the contingency contemplated by the will when it reads "on the happening of such contingency." As to the second question: The provision of the will substituting the issue for any deceased beneficiary is very full. It reads:

"The issue, however, of such of my said cousins as may be alive on such contingency to represent his, her or their parent, and take the share which his, her or their parent would have taken if alive."

Any clearer expression of the intent of the testator that the living descendants should stand in place of the deceased beneficiaries is difficult to imagine. By the plain terms of the will these issue take as executory devisees by purchase directly under the terms of the will. *Brantley* v. *Bittle,* 72 S. C. 179, 51 S. E. 561; *Fishburne* v. *Sigwald,* 79 S. C. 551, 60 S. E. 1105. The proper construction of the will sustains the master and Circuit Judge as to their finding who were the lawful and proper distributees thereunder.

All exceptions are overruled.

Judgment affirmed.