## FOREIGN MISSION BOARD OF THE SOUTHERN BAPTIST CONVENTION v. GAINES et al.

### C. A. 509.

District Court, E. D. South Carolina.

Dec. 12, 1941.

Montague & Montague, of Richmond, Va., and William L. Cain, of Columbia, S. C., for plaintiff.

Thomas, Cain & Black, of Columbia, S. C., for defendant J. Frank Gaines, executor.

Richard E. Broome, of Columbia, S. C., for defendants Mrs. Blanche C. Macdonald and C. C. Jones.

WYCHE, District Judge.

Plaintiff brings this action under the Declaratory Judgments Act, 28 U.S.C.A. § 400, for the construction of Item 5 of the will of Bettie Clements Wray, late of Columbia, South Carolina, which item reads as follows: "Item 5. If the sum total of the amount received from the sale of all my property as mentioned above, is more than the total of the amounts I have given, as designated above, then I direct that all of the remaining amount be sent direct to the Baptist Hospitals in China; not through the Foreign Mission Board."

The will was executed on December 18, 1928. Mrs. Wray died on August 5, 1932, and J. Frank Gaines qualified as executor under the will on September 29, 1932. Mrs. Wray in her will gave specific legacies to a number of her blood relatives, and to a number of the blood relatives of her deceased husband, and also to a number of charitable institutions. It appears that all of these legacies have been paid and the sum of approximately $5,000 remains in the hands of the executor. The plaintiff alleges that it is the sole administrator of the Foreign Mission work of the Southern Baptist Convention, including that in the Republic of China, and it owns and operates the seven Baptist hospitals in China named in the complaint, and claims that these hospitals are the intended beneficiaries of the residuary fund, and

brings this action for and in their behalf; that an actual controversy exists between the plaintiff and the defendant, J. Frank Gaines, as executor of said will, as to the identity of the beneficiaries of the residuary fund aforesaid, which can now be disbursed, and said defendant declines to pay the same unto the hospitals maintained by plaintiff, and plaintiff therefore brings this action to the end that there may be an adjudication of the rights of the respective parties.

Defendants, Mrs. Blanche C. Macdonald and C. C. Jones, representing as a class the heirs at law of Bettie C. Wray, deceased, allege in their answer, that the provisions of the will of Bettie C. Wray, above set forth, are so vague, uncertain and ambiguous, that it is impossible to determine the true meaning and intent thereof, and that the provisions of the same are in fact and in law a nullity, and therefore incapable of enforcement, and that the fund, the subject of this action, should pass to them under the laws of descent and distribution of this State.

The defendant, J. Frank Gaines, as executor, answering, alleges that he has no personal interest in the distribution of said fund, but to the end that his obligations may be established and determined, and his duties discharged and terminated, he asks this court to construe the will and adjudicate the rights of the plaintiff and the respective defendants, and of any persons or organizations who may intervene herein.

The testatrix in this case was domiciled at the time of her death in the State of South Carolina, and in determining the validity of the testamentary disposition of her personal estate, I must be governed by the laws of this State. Bradley v. Lowry, Speers Eq., S.C., 1, 10, 39 Am. Dec. 142. In this State the rules of construction of wills are designed to ascertain and give effect to the testator's intention, which must prevail when not in conflict with some rule of law. Patterson v. Cleveland, 165 S.C. 266, 163 S.E. 784; McIntyre v. McIntyre, 16 S.C. 290; Dent v. Dent, 113 S.C. 416, 103 S.E. 715; Burkhalter v. Breeden, 162 S.C. 64, 160 S.E. 165. In case of conflict between the testator's intention and a settled rule of law, the latter must prevail. Prudential Ins. Co. of America v. Monk, 165 S.C. 111, 162 S.E. 911. If the meaning of the words used in a will are clear, they must be resorted to to ascertain the testator's intention, if not clear, the surrounding circumstances viewed in the light of settled principles of construction may be resorted to to determine the intention. Howser v. Flood, 1 Nott & McC., S.C., 321; Lemmon v. McElroy, 113 S.C. 532, 101 S.E. 852. Wills inartificially drawn must be interpreted according to the common and proper meaning of the terms employed in them, unless it is manifest that the testator intended a different sense, or unless such meaning would lead to some inconsistency with the testator's declared intention. Attorney General v. Jolly, 2 Strob., Eq., S.C., 379; Buist v. Walton, 104 S.C. 95, 88 S.E. 357. Where the will contains no ambiguity, latent or patent, and can be carried into effect without the aid of extrinsic evidence, such evidence is not admissible to show the intention of the testator, or to give the language of the will a meaning different from that which the law attributes thereto. Bethea v. Bethea, 1 Hill, S.C., 64; Patterson v. Leith, 2 Hill Eq., S.C., 15; Wish v. Kershaw, Bailey's Eq. 353; Donald v. Dendy, 2 McMul., S.C., 123; Cunningham v. Cunningham, 20 S.C. 317; Clarke v. Clarke, 46 S.C. 230, 24 S.E. 202, 57 Am.St.Rep. 675. However, where there is a latent ambiguity, extrinsic evidence is admissible to resolve the ambiguity and aid in the interpretation or application of the will. Patterson v. Leith, 2 Hill Eq., S.C., 15; Ex parte King, 132 S.C. 63, 128 S.E. 850. Where there is a latent ambiguity as to the identity of a legatee or inaccuracy in the designation or description contained in the will, extrinsic evidence is admissible. Wish v. Kershaw, Bailey Eq., S.C., 353, note; Donald v. Dendy, 2 McMul., S.C., 123. But, if the effect or purpose of parol evidence is to introduce into a will matter which it does not contain, so as to constitute it a part of the will; to give to the will in itself considered, operative elements, language or provisions, which were not in it before, then such evidence is incompetent. Rosborough v. Hemphill, 5 Rich. Eq., S.C., 95. Where there is no defect on the face of a will, but there is an uncertainty in attempting to put it into effect, the ambiguity is latent, and parol testimony may be introduced to clarify the latent ambiguity in the will. Ex parte King, 132 S.C. 63, 128 S.E. 850. The presumption is that the testator intended to dispose of his entire estate. Kirkland v. Moseley, 109 S.C. 477, 96 S.E. 608. But

the fact that testator did not intend to die intestate as to any of his property cannot vary the construction of the will. Smith v. Heyward, 115 S.C. 145, 105 S.E. 275.

Precedents are of little value to aid in the construction of wills. The decisions may guide as to general rules of construction, but unless a will be in every respect directly in point and agree in every circumstance, they will have little weight with the courts, which must always look upon the intention of the testator as the guide to direct them in their construction of wills. But where the will affords no specific clue to the real intention of the testator, resort may be had to legal presumptions, and rules of construction, and even then such rules must yield to the apparent intention of the testator expressed in his will.

 The rule allowing extrinsic evidence for the purpose of identifying a beneficiary, where there is uncertainty, applies to corporations and charitable institutions, as well as to individuals. The evidence in this case shows that Mrs. Wray was a member of a Baptist Church in Columbia, South Carolina, in cooperation with the regular Baptist Churches of the South, and that the Foreign Mission Board is the sole agency for the administration of the Foreign Mission work of the Southern Baptist Convention. The language used in the item of the will in question discloses that the legacy was for the hospitals owned by the Baptist denomination in China, and the reference to the Foreign Mission Board, as well as her church membership in South Carolina, shows that she intended the gift to go to the Baptist hospitals in China owned and operated by the Foreign Mission Board of the Southern Baptist Convention, although she directed that the money should be paid direct to those hospitals. In making this bequest it is evident that she was interested particularly in hospital work, and did not want any part of her gift used for any other purpose, for which the Foreign Mission Board must necessarily use money in carrying on Foreign Mission work in China. It is true that in the provisions of her will she did not give the names and addresses of the Baptist hospitals to be benefited by her bequest, but this latent ambiguity has been supplied by evidence so that the executor can without difficulty divide the fund ratably between the hospitals owned and operated in China by the Foreign Mission Board of the Southern Baptist

Convention, and remit to each the proper proportion of the fund. When this is done the intention of Mrs. Wray, as disclosed by the language used, will have been carried out.

 There is a strong presumption against intestacy, and in this will it is apparent that Mrs. Wray in Item 5 of her will clearly shows that she did not intend to die intestate as to any part of her estate. Item 5 of the will is certainly clear that the gift was made to Baptist hospitals in China. This language is neither vague, uncertain nor ambiguous so as to affect its validity. It is proper for the court through extrinsic evidence to establish in this cause the name and location of each hospital included within the designation of the gift.

 Every effort will be made by the court to avoid declaring a provision of the will void unless it be necessary to do so under the rules of construction of wills. If a latent ambiguity can be explained by extrinsic evidence the court will resort to such evidence for that purpose.

The testimony in this case shows that before the date of the will of Mrs. Wray, and for a number of years prior thereto, and at the time of Mrs. Wray's death, the following hospitals, were owned and operated in China by the Foreign Mission Board of the Southern Baptist Convention: Baptist Hospital, Chengchow, Honan (recently closed because of war); Warren Memorial Hospital, Hwanghsien, Shantung; Oxner Memorial Hospital, Pingtu, Shantung; Baptist Hospital, Uangchow, Ju.; Mayfield Tyzzer-Kathleen Mallory Hospital, Laichow-Fu Shantung; Baptist Hospital, Kweilin, Ks.; Stout Memorial Hospital, Wuchow, Ks.; Leung Kwong Hospital, Canton. All of these Baptist hospitals in China are now owned and operated by the Foreign Mission Board of the Southern Baptist Convention, with the exception of the Baptist hospital at Chengchow, Hona, Province of China, which was closed by the Japanese government approximately three months ago. The Foreign Mission Board still owns this property and will reopen it at the termination of the present war between the United States and Japan. All these hospitals have been continuously owned and operated, with the exception just mentioned of the hospital at Chengchow, and the one at Kweilin, which was partially destroyed by Japanese bombs some two years ago, after which the oper-

ation of this hospital was continued in another building.

For the foregoing reasons, it is my opinion that the Baptist hospitals in China above named are the intended beneficiaries of the residuary fund now in the hands of J. Frank Gaines, executor of the last will of Bettie C. Wray, deceased.

Counsel may present an appropriate order.