## WITTE BROS. v. CLARKE.

1. The Court of Common Pleas has concurrent jurisdiction with the Court of Probate in cases of dower. Therefore, after action commenced in the Common Pleas for the foreclosure of mortgages on a tract of land, and notice of *lis pendens* filed, the Court of Probate cannot entertain jurisdiction of a petition by the widow of a former owner for dower in such land.

2. The rights of the mortgagees against a decree in the Court of Probate granting dower on such petition, are not affected by an application subsequently made by them in that Court for leave to become parties and refused upon the ground that the cause had ended, nor by their failure to appeal from such refusal or from the decree for dower.

3. No person can appeal from a decree of the Court of Probate, except parties to the cause. They are the only "persons interested" in such decree, or that could be "injured thereby," within the meaning of section 57 of the Code of Procedure.

4. A mortgagee, put by the mortgagor in possession of the mortgaged premises for the purpose of having the rents applied to the interest due on the debt, must account for such rents, and, if so put in possession before her assignmnent of the mortgage to third persons, must credit the same on the debt.

5. Where a testator, who died in 1861, bequeathed to his daughter a sum of money which was not to be delivered until the executor had caused the same to be secured to such daughter, free from the debts, control, etc., of any husband she might marry, the executor in 1869 could

properly pay over this legacy to the daughter herself, then a married woman, the constitution of 1868 having effected that which the testator directed.

6. This money being lent to the husband under the security of his mortgage deed, the wife could assign such mortgage to secure the payment of debts due by the husband. *Pelzer, Rodgers & Co.* v. *Campbell & Co.*, and *Clinkscales* v. *Hall*, 15 *S. C.*, 581 *and* 602 *approved.*

7. The fact that the marriage took place prior to 1868 does not affect the rights of the wife in this matter, no other rights having meanwhile become vested. *Witsell* v. *Charleston,* 7 *S. C.,* 88, *approved.*

8. Money of a wife lent to the husband to be accounted for by him when required so to do, is an interest-bearing demand from its date.

9. The rule requiring a creditor holding two liens to first exhaust that property on which a subsequent creditor has no lien, is inapplicable where its enforcement would operate to the prejudice of the prior creditor.

10. A decree is valid, although not filed within sixty days from the last day of the term of court at which the cause was heard. *Koon* v. *Munro,* 11 *S. C.,* 140.

Before WALLACE, J., Kershaw, June, 1879.

Action by George W. Witte and Armin F. Witte as Witte Bros. against T. H. Clarke, Sallie L. Clarke, T. W. Lang, Harriet M. Lang, L. McCandless, T. L. Boykin and several judgment creditors of T. H. Clarke, commenced March 6th, 1877. By supplemental complaint filed in September, 1877, Mrs. Louisa G. Clarke was made a party defendant. The nature of the action and the facts are fully stated in the opinion of this Court.

The Circuit degree was filed December 2, 1879. Omitting its statement of undisputed facts, it was as follows:

The supplemental complaint raises a question as to the validity of the judgment of the Probate Court adjudging that Louisa Clarke is entitled to dower in Green Hill plantation, and demands that she be required to establish her right to dower in this Court. This is asking in effect that the judgment of the Probate Court be treated as a nullity. This can only be done when it appears that the Court is entirely without jurisdiction of the subject matter in relation to which the judgment is pronounced. Jurisdiction in the allotment of dower is conferred by the constitution on the Probate Court. Errors of law by that Court, in a proceeding within its jurisdiction, can

only be corrected by appeal in the manner provided by law. The right of appeal from the Probate Court may be exercised by any one "interested in any final order, sentence or decree," of that Court. Any person desiring to exercise his right to have revised a proceeding in the Probate Court by the Circuit Court, must pursue the remedy established by law. There was no appeal in this case and the judgment is final and conclusive, and is proof of every fact necessary to support it. There is no proof of fraud or of secresy, nor want of proper parties.

The next question relates to the validity of the assignments by Sallie L. Clarke to Thomas W. Lang and Leslie McCandless. Burwell Boykin died in 1861, leaving his last will and testament, by which, among other things, he bequeathed to his daughter, Sallie L., the sum of four thousand dollars, which was to take effect upon her attaining the age of twenty-one years, or marrying, but which she was not to enjoy until it was secured to her free from the debts, liability, contracts and disposition of any husband she might have.

The manifest intent of the testator was to create a separate estate for the benefit of his daughter that could not be taken by the creditors of her husband, or in any way be alienated by him. This much was expressly provided for. Nothing was said in the will as to the power of Sallie L. to control or dispose of the bequest. At the time the will was executed, a married woman had no power to alienate, dispose of or pledge, for her husband's debts, her separate estate. This rule has been changed by the constitution of this State adopted in 1868. We must suppose that Burwell Boykin, if he intended that his daughter should have power to alienate her separate estate, would have expressly bestowed the power upon her, as without such bestowal under the law as it stood in 1861 she could not do so. The state of the law at the time, taken in connection with the omission by the testator to provide for any control of her separate estate by his daughter, forces the conclusion that he did not intend that she should control it. If she had remained unmarried until she attained the age of twenty-one years, then while sole she would have had the power to dis-

pose of her beneficial interest and thus defeat the trust; but the moment she married, disability intervened.

The power of married women over their property rights is enlarged by the constitution of 1868, and the law enacted in pursuance of it. This trust, however, is unaffected by the change in the civil status of married women. When a contract is made it is presumed to be made with reference to the existing law applicable to its terms, and a subsequent change of the law does not affect the law of that contract in existence at the time it was entered into; so, in analogy to this rule, a trust created must be presumed to have been created with reference to the law as it existed at the time, and a subsequent change of the law leaves the trust unaffected by the change. I conclude, therefore, that the assignments of the mortgage by Mrs. Sallie L. Clarke to Lang and McCandless are void and of no effect. This debt of the separate estate of Sallie L. Clarke does not bear interest, the funds being in the possession of her husband.

Miss Harriett M. Lang, holding a mortgage of both Jumping Gully Creek plantation and Green Hill plantation, must first exhaust the proceeds of the sale of Jumping Gully Creek plantation and for any balance go upon the Green Hill plantation, after prior liens upon Green Hill plantation are extinguished.

It is ordered, adjudged and decreed, that the order enjoining Mrs. Louisa Clarke from proceeding to enforce her judgment of the Probate Court for dower in Green Hill plantation be set aside and vacated. That the assignment by Mrs. Sallie L. Clarke to Thomas W. Lang and Leslie McCandless are null, void and of no effect. That Green Hill plantation be sold and the proceeds of the sale be applied first to the costs and expenses of the proceedings in dower by Mrs. Louisa Clarke in the Probate Court. Next to the payment of the judgment in dower by that Court in favor of Mrs. Louisa Clarke. Next to the payment of four thousand dollars, without interest, to T. L. Boykin for the use of Mrs. Sallie L. Clarke. Next to the payment of the balance, if any, on the debt to Miss Harriet M. Lang, secured by mortgage bearing date 25th March, 1870,

the proceeds of the sale of Jumping Gully Creek plantation being first applied thereto. Next to the mortgage debt of the plaintiffs herein. And next to the debt of Miss Harriet M. Lang, secured by mortgage bearing date 17th March, 1876. That Jumping Gully Creek plantation be sold and the proceeds be applied to the debt to Miss Harriet M. Lang, secured by mortgage bearing date the 25th March, 1870. That T. H. Clarke be barred and foreclosed of all equity of redemption in Jumping Gully Creek plantation and Green Hill plantation. That the parties or any of them have leave to apply at the foot of this decree for orders fixing the time and terms of sales ordered herein.

The exceptions to this decree are given in the opinion.

Messrs. *Buist & Buist* for plaintiffs.

Messrs. *Leitner & Dunlap* and *W. G. DeSaussure* for T. W. Lang.

Mr. *J. T. Hay* for Miss Lang.

Mr. *J. H. Rion* for T. L. Boykin and Mrs. S. L. Clarke.

Mr. *L. F. Youmans*, Attorney-General, for Mrs. Louisa G. Clarke.

Arguments of *W. L. DePass*, deceased, were read in behalf of Mrs. L. G. Clarke and L. McCandless.

April 26th, 1882. The opinion of the Court was delivered by

MR. JUSTICE McIVER. This action was commenced by the plaintiffs for a foreclosure of a mortgage on certain real estate, known as Green Hill plantation, executed by the defendant T. H. Clarke, and the other defendants, except Mrs. L. G. Clarke, were made parties, as claiming to hold liens by mortgage and judgment on the same real estate. After the action was commenced, and after the filing of the notice of the pendency of the action, the defendant Mrs. L. G. Clarke filed

her petition in the Court of Probate, claiming dower in said plantation as the widow of Dr. H. H. Clarke, who, she alleged, died seized of the same. No persons were made parties to this proceeding except the mortgagor, T. H. Clarke, and his wife, Mrs. S. L. Clarke, who, it is alleged, had been put in possession of Green Hill as mortgagee. They interposed no defence, and the proceeding resulted in a judgment, rendered April 20, 1877, for a large sum of money, assessed in lieu of dower, which, by a decree of the Judge of Probate, was declared to be a prior lien on Green Hill.

The plaintiffs and the defendant Miss H. M. Lang, on discovering the existence of this judgment, gave notice of a motion, on the 22d of August, 1877, to be made to the Judge of Probate, to be made parties to that proceeding, and to set aside said judgment. This motion was refused by the Judge of Probate upon the ground, amongst others, that the proceeding for dower was no longer pending, but had passed into a final judgment. Thereupon the plaintiffs, on the 14th of September, 1877, obtained an order from one of the Circuit Judges, at chambers, for leave to file a supplemental complaint, making Mrs. L. G. Clarke a defendant herein, and enjoining her from further proceeding under her judgment for dower, which order, though resisted, was not appealed from by Mrs. L. G. Clarke. The supplemental complaint was duly filed, in which the plaintiffs—after setting out the facts above stated, and charging that the claim for dower was unfounded; that the proceedings in the Court of Probate were so secretly and privately conducted that the plaintiffs and the other mortgage creditors of T. H. Clarke were not informed thereof until long after the judgment for dower had been rendered; that they were so conducted with a view to prevent the plaintiffs and the other creditors from taking any steps to resist the same and that the judgment for dower, so obtained, is a fraud upon the rights of the creditors of T. H. Clarke— demanded judgment that Mrs. L. G. Clarke be required to establish her claim of dower, if any she has, under this action; that plaintiffs and the other creditors of T. H. Clarke be permitted to contest said claim; that Mrs. L. G. Clarke be perpet-

ually enjoined from enforcing the judgment obtained by her in the Court of Probate; and for such other and further relief as may be necessary.

Mrs. L. G. Clarke, answering both the original and supplemental complaint, insisted upon her right to bring her action in the Court of Probate for dower; that she was not compelled to make any persons parties thereto, except those who were in possession of the land out of which she claimed dower; that the proceedings were openly and fairly conducted, and denying the allegations to the contrary; that she was entitled to dower in the premises, her deceased husband having died seized thereof, and denying plaintiffs' allegations to the contrary—prayed judgment that the temporary injunction be dissolved and that she might be permitted to enforce her judgment for dower. The defendants T. H. Clarke and T. L. Boykin answered, submitting their rights to the judgment of the Court, and the defendants T. W. Lang, S. L. Clarke, H. M. Lang and L. McCandless also answered, setting up their several claims as mortgagees, which will hereinafter be more particularly stated. The remaining defendants, so far as appears from the "Case" submitted here, do not seem to have answered, and no notice is taken of their claims in any of the proceedings below.

An order was passed directing a referee to take the testimony and report the same to the Court, from whose report it appears that the following claims were presented and offered in evidence, which are stated here in the order of their dates, and for convenient reference numbered consecutively, rather than in the order in which they appear in the report of the Referee, viz.: (No. 1.) A mortgage of T. H. Clarke to T. L. Boykin, executor or Burwell Boykin on *Green Hill,* dated December 19th, 1869, to secure the payment of four thousand dollars, bequeathed to Mrs. S. L. Clarke by the will of her father, Burwell Boykin. (No. 2.) A mortgage of T. H. Clarke to Miss H. M. Lang on *Green Hill* and *Jumping Gully* plantations, dated March 25th, 1870. (No. 3.) A mortgage of T. H. Clarke to the plaintiffs on *Green Hill,* dated January 9th, 1875. (No. 4.) A mortgage of T. H. Clarke to Miss H.

M. Lang, on *Green Hill* dated March 31st, 1875. (No. 5.) A mortgage of T. H. Clarke to Miss H. M. Lang, on *Jumping Gully*, dated March 17th, 1876. It also appeared in evidence that T. H. Clarke turned over the possession of Green Hill plantation to Mrs. S. L. Clarke, "to be rented by her duriny the year 1877, to enable her to repay herself out of the rents and profits thereof, for the arrearages of interest due her on the four thousand dollars before mentioned," which, as we have seen, was secured by mortgage No. 1.

The defendants T. W. Lang and L. McCandless both claimed to be assignees of mortgage No. 1, and there was a contest between them, in the Court below, as to who had priority, but as the Circuit Judge held that neither of the assignments were valid, he did not determine anything as to the question of priority, and therefore it will be unnecessary to detail the testimony as to this point. So also it will be unnecessary to advert to the testimony as to whether Dr. H. H. Clarke was ever seized of Green Hill plantation, inasmuch as the Judge below held that this was concluded by the judgment in the Court of Probate.

The Circuit Judge, in making a statement of the various incumbrances, seems to have fallen into an error, induced probably by a mistake in the allegations of the complaint, as to the liens held by the defendant, Miss H. M. Lang; for he says that mortgage No. 5 was on Green Hill, whereas the testimony, as stated in the Referee's report, shows that this mortgage was on the Jumping Gully plantation. So that this defendant, instead of holding only one mortgage on Jumping Gully, in fact held two—one dated March 25, 1870, which covered both Green Hill and Jumping Gully, and the other, dated the 17th of March, 1876, covering Jumping Gully alone.

By the Circuit decree it was adjudged that the order enjoining Mrs. L. G. Clarke from proceeding to enforce her judgment obtained in the Court of Probate be set aside; that the assignments by Mrs. S. L. Clarke to T. W. Lang and L. McCandless were null and void; that *Green Hill* plantation be sold, and the proceeds be applied, first, to the costs and ex-

penses of the proceeding for dower in the Court of Probate; next to the payment of the judgment in dower; next to the payment of four thousand dollars, without interest, to T. L. Boykin, for the use of Mrs. S. L. Clarke; next to the payment of the balance, if any, on the debt to Miss H. M. Lang, secured by the mortgage of March 25, 1870, the proceeds of the sale of Jumping Gully being first applied thereto; next to the mortgage debt of the plaintiffs, and next to the debt to Miss H. M. Lang, secured by the mortgage of March 17, 1876; and that *Jumping Gully* be sold, and the proceeds applied to the debt to Miss H. M. Lang, secured by the mortgage·dated March 25, 1870.

From this judgment the plaintiffs and the defendants T. W. Lang and Miss H. M. Lang appeal upon the following grounds: 1. Because his Honor erred in holding that said plaintiffs and defendants are estopped by the judgment for dower obtained in the Court of Probate. 2. Because the Circuit decree was not filed within the time required by law. 3. Because the evidence showed that Dr. H. H. Clarke was never seized of Green Hill plantation. 4. Because the claim for dower was barred by the statute of limitations. 5. Because his Honor should have ordered all the costs of this case to be paid out of the proceeds of the sale of Green Hill, before the payment of any of the liens thereon, either for dower or otherwise.

The plaintiffs and the defendant Miss H. M. Lang also appeal upon the further ground that the defendant Mrs. S. L. Clarke should have been required to account for the rents and profits of Green Hill while the same was in her possession as mortgagee.

The defendant T. W. Lang also appeals: 1st. Because his assignment was adjudged to be null and void. 2d. Because the claim for four thousand dollars secured by mortgage No. 1, was held not to be an interest-bearing demand.

The defendant, Miss H. M. Lang, also appeals: Because the Circuit Judge erred in holding that the proceeds of the sale of Jumping Gully must be applied to the first mortgage held by her.

21

The defendant, McCandless appeals: 1st. Because his assignment was held to be null and void. 2d. Because the debt secured by the mortgage which he claimed as assignee was held not to be an interest-bearing demand. 3d. Because the Circuit Judge should have adjudged that his assignment was entitled to preference over that of the defendant, T. W. Lang.

Some of the questions presented by these grounds of appeal were not considered or passed upon by the Circuit Judge, inasmuch as from the view which he took of the case they could not arise, and these questions are therefore not properly before us for review. The question whether Dr. H. H. Clarke was seized of Green Hill during coverture, and if so whether his widow's claim for dower is barred by the statute of limitations; and the question as to which of the two rival assignments of mortgage No. 1 is entitled to priority must be remanded to the Circuit Court.

We proceed to confine our inquiries to such questions as, in our judgment, are properly before us for decision, leaving all other matters for the consideration of the Circuit Court. These questions are: 1st. As to the effect of the judgment obtained by Mrs. L. G. Clarke, in the Court of Probate. 2d. Whether Mrs. S. L. Clarke should have been required to account for the rents and profits of Green Hill during the time she was in possession. 3d. Whether the assignments made by her were null and void. 4th. Whether the debt secured by mortgage No. 1 was an interest-bearing demand. 5th. Whether the proceeds of the sale of Jumping Gully, should be first applied to the debt secured by mortgage No. 2. 6th. Whether the costs of this action should be paid out of the proceeds of the sale of Green Hill before any of the alleged liens. 7th. Whether the failure to file the decree within the time required by law, invalidated the judgment of the Circuit Court.

1. As to the judgment for dower. It is very true that the Court of Probate has jurisdiction in cases of dower, but its jurisdiction is not exclusive, for the Court of Common Pleas has concurrent jurisdiction in such cases. This is the necessary result of the principles announced in the case of *Walker* v. *Russell*, 10 *S. C.* 82. Now, it is a well established principle " that

where two tribunals have concurrent jurisdiction, the one which first obtains possession of the subject matter must adjudicate, and neither party can be forced into another jurisdiction." *Jordan* v. *Moses*, 10 *S. C.* 433. In this case, the Court of Common Pleas had obtained jurisdiction over the subject matter in controversy (Green Hill plantation), before any proceedings were instituted in the Court of Probate by Mrs. L. G. Clarke for the purpose of obtaining dower in said land, and the plaintiffs and such of the defendants as held liens thereon could not be forced into the Court of Probate for the purpose of having their claims adjudicated.

The fact that the plaintiffs and one of the defendants, from abundant caution, attempted to become parties to the proceedings in the Court of Probate, cannot affect the matter, because their application was refused upon the ground that there was then no proceeding pending in the Court of Probate, it having terminated by a final judgment on April 20, 1877, and their application not having been made until some time in the month of August following. Nor can these parties be prejudiced by failing to appeal from the judgment rendered by the Court of Probate, or from the refusal to admit them as parties to the proceedings in that Court after such proceedings had terminated. Not being parties they could not appeal, for, although the language of the *Code*, § 57, is " any person interested in any final order, sentence or decree of any Probate court, and considering himself injured thereby, may appeal therefrom," yet this language must be regarded as referring only to persons who are parties to the proceedings in the Court of Probate, for no one can properly be said to be interested in any final order or decree made in a proceeding to which he is not a party, nor can he consider himself injured thereby; for nothing can be better established than the doctrine that judgments bind only parties and their privies. *Freem. Judg.* § 154.

After the Court of Common Pleas had assumed jurisdiction of the subject matter and had been called upon to adjust and determine the priorities of the liens claimed by the several parties upon the land in question, and after the filing of the notice of the pendency of the action, of which all persons were

bound to take notice, the Court of Probate certainly could not assume jurisdiction and determine that the lien claimed by Mrs. L. G. Clarke was prior and superior to all other liens, especially where the other lien holders were not made parties. Such a course would almost inevitably lead to a conflict of jurisdiction and produce inextricable confusion. One tribunal might decide one way and the other render an opposite judgment. When the action of the plaintiffs was commenced to which all persons whom the records showed held liens on the subject matter sought to be affected were made parties, and after notice of the pendency of the action was filed, any other person who claimed to hold any incumbrance or lien on the same subject matter, was not at liberty to go into another tribunal for the purpose of having such lien enforced, but, to do so, must go into the same tribunal, and thereby have the whole matter adjudicated by that tribunal. We think therefore that the Court of Probate, had no jurisdiction to render the judgment relied upon in this case, and that the Circuit Judge erred in holding that the plaintiffs and the defendants holding mortgages on Green Hill were concluded thereby.

2. As to the accountability of Mrs. S. L. Clarke, for the rents and profits of Green Hill, during the time she was in possession. She was originally the real owner of the mortgage on this plantation, and the testimony is that she was put in possession by the mortgagor for the purpose of having the rents and profits applied to the interest which had accrued upon the debt secured by her mortgage. This being the case, nothing would seem to be clearer than that she should account for the rents and profits, and, if she continued to be the owner of the mortgage, that the amount due by her on such accounting should operate as a credit on the debt secured by the mortgage. But, if she had assigned the mortgage to a third person before she was put in possession of the mortgaged premises, while she would be individually liable for rents and profits, we do not see how such liability could operate as a credit on the mortgage debt, after it had been assigned to a third person.

3. The next inquiry is as to the validity of the assignments made by Mrs. S. L. Clarke, to T. W. Lang, and to McCandless.

It seems that the money secured by the mortgage of which she executed the assignments in question, was a legacy to her under the will of her father, Burwell Boykin, who died in 1861, the ninth and tenth clauses of which are as follows: "Sec. 9. In lieu of the interest in my estate which I have herein devised to my sons, I give and bequeath to each of my daughters, living at the time of my death, the sum of four thousand dollars. . . The bequest in this section to each of my said daughters is to take effect and be delivered, as each of them arrives at the age of twenty-one years, or be married. Sec. 10. I direct that my executors before delivering or consenting to the possession of any property bequeathed in this will to my daughters, shall cause the same to be secured to them, and each of them respectively free from the debts, liabilities, contracts, disposition and control of any husband, present or future, that each may have."

The defendant, Mrs. S. L. Clarke, who was one of the daughters of the testator, intermarried with her co-defendant T. H. Clarke, in 1866, before she attained the age of twenty-one years, and on December 19, 1869, T. L. Boykin, the executor of Burwell Boykin, at her request and by her consent, turned over this legacy of four thousand dollars to the said T. H. Clarke, taking from him (as stated by the referee) "his accountable receipt to Thomas L. Boykin, executor, to hold said four thousand dollars subject to the bequest of said sum in said will," together with a mortgage on Green Hill "to secure payment of said sum, according to the terms of said bequest," or as stated by the circuit judge, "a receipt for the same by which he promised to repay the same when required to do so by any court of competent jurisdiction," together with a mortgage on Green Hill, which mortgage was upon conditions "that the said T. H. Clarke should hold the said sum of four thousand dollars, subject to the terms of the bequest in said last will and testament of Burwell Boykin, and shall account for the same when duly required to do so by any one having competent authority, and to pay the same when so required by any court of competent authority." .

On February 15, 1876, Mrs. S. L. Clarke, being then a mar-

ried woman, executed an assignment of this mortgage to the defendant T. W. Lang to indemnify him against any loss on account of a note due by himself and T. H. Clarke jointly, and on March 17, 1876, she executed another assignment of this same mortgage to the defendant McCandless to secure a debt due to him by her husband T. H. Clarke, and the original mortgage was delivered to McCandless by the executor, T. L. Boykin.

It will be observed that the bequest to Mrs. S. L. Clarke was to her absolutely without any limitation over in favor of any one, the only restriction being that it should not be made liable for the debts of her husband. Before the adoption of the present constitution this could only be effected by the interposition of a trustee, but now no trustee is necessary for that purpose, as the provisions of the constitution effectually protect the wife's separate property from the marital rights of her husband. It will also be observed that the bequest is not to the executor, or to a trustee for the use of the daughters, but is directly to them, and the executor is only charged with the duty of seeing that the bequest is secured from liability for the husband's debts before delivering or paying over the legacy to any one of the daughters. Hence, when provision for that purpose was made, the executor not only had the right, but it was his duty to pay over the legacy provided the legatee had married or attained the age of twenty-one years. The will does not prescribe *how* such provision shall be made, and therefore, when it is made in *any* effectual manner, it would be the right and the duty of the executor to pay over the legacy. Now, as we have said, the provisions of the present constitution are amply sufficient to secure the wife's separate property from liability for the husband's debts, and hence, after its adoption there was nothing to prevent the executor from paying over this legacy to Mrs. S. L. Clarke, or to anyone whom she might direct.

When the executor at the instance of Mrs. S. L. Clarke turned over this money to her husband, the practical result was the same as if he had paid her the money, and she had then loaned it to her husband, taking his bond and mortgage

to secure the repayment thereof. This she had a perfect right to do, as the constitution, art. XIV. sec. 8, invests her with the same power to dispose of her separate property that a single woman has. She therefore could dispose of this money as she pleased, and if she desired to lend it to her husband, she had a perfect right to do so, and to take from him a mortgage to secure its repayment. This being the case, it follows necessarily that she could assign this mortgage to whomsoever and for whatsoever purpose she might desire, even to secure a debt due by her husband. These views are fully sustained by the recent cases of *Pelzer Rodgers & Co.* v. *Campbell & Co.*, and *Clinkscales* v. *Hall*, 15 *S. C.* 581 *and* 602, where the whole subject of the rights and powers of married women, under the present constitution and laws, has been so fully and satisfactorily discussed as to render any further discussion unnecessary.

It is said, however, that while this may be true where the marriage takes place, or the property is acquired by the wife after the adoption of the constitution of 1868, it is not applicable to the present case where the marriage was contracted and the property was acquired prior to 1868. We think, however, that this matter is conclusively settled by the case of *Witsell* v. *Charleston*, 7 *S. C.* 88, and that the fact that the property was acquired, or that the woman was married before the adoption of the present Constitution would not affect the question, unless the rights of other persons had vested before the constitution was adopted. Here, as we have seen, this was not the case, and hence the case last cited is conclusive authority to show that Mrs. S. L. Clarke had the power to dispose of the legacy bequeathed to her by her father's will in any way that she deemed proper, and that she could make a valid assignment of the mortgage in question for the purpose of securing a debt due by her husband.

The question as to which of the two assignments has priority was not considered by the Circuit Court, for the reason hereinbefore indicated, and we have before us for review no findings of fact or law in relation thereto. That question must therefore be referred to the Circuit Court.

4. Our next inquiry is whether the debt secured by mort-

gage No. 1 is an interest-bearing demand. Regarding this as practically a loan by the wife to the husband of a definite sum of money, we can see no reason why it should not bear interest like any other loan of money.

5. The circuit judge in making his decree that the proceeds of the sale of the Jumping Gully plantation should first be applied to the payment of the debt secured by mortgage No. 2 proceeds upon what seems to be an error of fact. He evidently supposed that the defendant Miss H. M. Lang, held but one mortgage on Jumping Gully, whereas we understand from the testimony that she in fact held two mortgages on that plantation. While, therefore, the rule upon which the circuit judge based his decree is correct—that where one person has a lien upon two parcels of property, and another has a lien upon only one of these parcels equity will require the former first to exhaust the parcel upon which the latter has no lien—yet this rule is subject to the qualification that if its enforcement would operate to the prejudice of the creditor who holds the two liens, it will not apply. 1 *Story Eq.* § 633 *and notes.* If therefore it is true that the defendant Miss H. M. Lang holds two mortgages on the Jumping Gully plantation, it might operate to her prejudice to apply the rule above stated, and if so, there would be error in this respect in the judgment below. Inasmuch, however, as the whole case must go back, we prefer to refer this inquiry to the Circuit Court, without adjudging anything now, either of fact or law, in respect thereto.

6. The next question is as to the costs. Under the views hereinbefore presented it would follow necessarily that there was error in the judgment below in directing that the judgment dower should first be paid out of the proceeds of the sale of Green Hill, before the costs of this action are provided for. What provision shall be made in relation to the costs must be left to the Circuit Court to determine after hearing the whole case.

7. The only remaining question is disposed of by the decision in the case of *Koon* v. *Munro,* 11 *S. C.* 140.

It is the judgment of this court that the judgment of the

November Term, 1881.

Circuit Court be reversed, except so much thereof as directs a sale of Green Hill and Jumping Gully plantations, and that the case be remanded to that court for the purpose of carrying into effect the principles herein announced, with the privilege to Mrs. L. G. Clarke to set up her claim for dower under the proceedings in this action.