### 10537

### STATE v. LOLLIS.

(105 S. E. 275.)

WITNESSES—PLEA OF GUILTY WITHOUT SENTENCE DOES NOT DISQUALIFY. —One who has pleaded guilty of grand larceny, but who has not been sentenced, is a competent witness to testify in the trial of another.

Before PRINCE, J., Anderson, May term, 1920. Affirmed.

. Ira Lollis indicted for car-breaking and larceny and on conviction, appeals.

*Mr. A. H. Dagnall,* for appellant, cites: *The crime and not the punishment, renders a man infamous:* 15 S. C. 235

*Mr. Kurtz P. Smith, Solicitor,* for respondent.

December 20, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

. The defendant was tried, convicted, and sentenced for car-breaking and larceny before Judge Prince, and a jury, at the May term of Court, 1920, for Anderson county, and

appeals, and by his appeal raises but one question, and that is whether a person who has pleaded guilty of grand larceny, who has not been sentenced, is a competent witness.

The appellant contends that one who has pleaded guilty of larceny is incompetent as a witness.

The exception is overruled as being wholly without merit in law, morals, common sense

The witness was competent. "It is the judgment," says Greenleaf, "and that only, which is received as the legal and conclusive evidence of the party's guilt, for the purpose of rendering him incompetent to testify. * * * If the guilt of the party should be shown by parol evidence, and even by his own admission (though in neither of these modes can it be proved, if the evidence be objected to) or by his plea of 'guilty,' which has not been followed by a judgment, the proof does not go to the competency of the witness, however it may affect his credibility." 1 Gr. Ev., sec. 375. "Conviction without judgment works no disability." Note to section 365, Wharton's Cr. Ev. (9th Ed.); and authorities cited. See *State v. Kennedy*, 85 S. C. 146, 67 S. E. 152, and cases cited, especially *State v. Coppenburg*, 2 Strob. 273.

Judgment affirmed.

MESSRS. JUSTICES HYDRICK and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE GAGE absent on account of sickness.