. 10658. ·

SMITH v. HEYWARD *ET AL.*

(108 S. E. 83)

JUDGMENT—ORDER |SETTLING ESTATE NOT BASED ON NOTICE IS INVALID.—
A judgment or order settling an estate where entered without notice to some of the parties interested is invalid and cannot be allowed to stand.

Before PRINCE, J., Greenville, January, 1921. Reversed.

Action by Robert T. Smith, as executor of the estate of Elizabeth M. Heyward, deceased, against Julius H. Hey-

ward, his co-executor, et al. From a decree carrying out a settlement of the estate the defendant, Henry Middleton, appeals.

For former appeal see 115 S. C. 199.

*Messrs. Augustine T. Smythe and Ernest L. Visanska,* for appellant. *Mr. Visanska* cites: *Application for an order is a motion:* Code Proc. 1912, Sec. 440. *Four days notice necessary:* Id. Sec. 441. *Order made without notice should be set aside:* 7 S. C. 235-40. *Notice of intention to appeal was in time:* 12 S. C. 563; 67 S. C. 251. *Such an order as this is appealable:* 45 S. C. 464.

*Mr. Stephen Nettles,* for Julius H. Heyward, respondent. Oral argument.

June 30, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The case shows:

"This action was brought by Robert T. Smith, as executor of Elizabeth M. Heyward, deceased, against Julius H. Heyward, the other executor, and the heirs, devisees, legatees of the testatrix to have the Court construe her will, determine the validity of certain bequests and the proper disposition of the residue of the estate, and also for the appointment of a receiver on account of the dissensions existing between the executors. The decision of the Supreme Court construing the will and deciding the issues in this case appear in 115 S. C., at page 199, et seq. [105 S. E. 275].

"After the decision of the Supreme Court was handed down, Mr. Nettles, as attorney for the executor Julius H. Heyward, opened negotiations with Mr. H. J. Haynsworth, of counsel for the executor Robert T. Smith, with the idea of agreeing upon an order under which the estate could be

expeditiously settled. No agreement on all points having been reached, Mr. Nettles, in December, 1920, served notice upon Mr. Haynsworth of application to Judge Prince for an order in the case. No notice of the application for the order was given to the attorneys for Henry Middleton. Upon the call of the motion, Mr. Haynsworth stated that there were several other attorneys in the case and asked for time to communicate with them. Judge Prince then let the hearing go over until the following week, when he heard the arguments from Mr. Haynsworth, Mr. Heyward, and Mr. Nettles, and, after allowing further time to hear from the Charleston attorneys, he signed and filed the order hereinafter set forth on January 13, 1921. Judge Prince did not know that Mr. A. T. Smythe and Mr. W. L. Visanska were attorneys in the case, though he did know there were attorneys in the case who were not present at the hearing."

The order affected the interests of Henry Middleton, and neither Mr. Middleton nor his attorneys had any notice of the motion. It needs no citation of authority to show that it was error to make an order affecting the interest of a party of which he had no notice. The high character of all the parties and their attorneys leaves no doubt of perfect good faith, but notice was necessary, and, as none was given, the order appealed from is reversed.