## 17309

ELENI VASILIADES, Appellant, v. ACHILLES W. VASILIADES, individually and as Administrator *de son tort* of Alexander Achilles Vasiliades, deceased, Paul A. Vasiliades, Alkistis J. Sfetkos, Gelen J. Gardiki, Demetrios V. Demetriadis, Mary N. Vasiliades, Helene M. Vasiliades, Leo W. Vasiliades, Achilles Nick Vasiliades, the last three being minors above the age of 14 years and John Nick Vasiliades and Constantine W. Vasiliades, minors under the age of 14 years, Respondents.

(98 S. E. (2d) 810)

*Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, for Appellant,

*Messrs. Jesse W. Boyd* and *Harvey W. Johnson,* of Spartanburg, *for Respondents,*

June 12, 1957.

STUKES, Chief Justice.

This action was commenced in March, 1951. Service of process was promptly made on the resident defendants and in due course on the other defendants, who are resident in the Kingdom of Greece.

The complaint alleges that plaintiff is the lawful surviving wife of Alexander Achilles Vasiliades, late a resident of Spartanburg, South Carolina, who died intestate in Greece on or about September 30, 1950, leaving as his heirs at law the plaintiff and the defendants; at his death the intestate owned real estate which is worth not less than $75,000.00 which defendants have taken possession of, collecting substantial rents and excluding plaintiff from participation therein; plaintiff and defendants own said real estate in common in stated shares; on information and belief, said intestate also owned personal property of substantial value which has been taken into the exclusive possession of defendants without accounting to plaintiff; no application has been made for letters of administration on her husband's estate; certain of defendants are hostile to plaintiff and brought litigation in Greece whereby they seek to invalidate the marriage of plaintiff and her husband. The complaint prayed that the Court assume jurisdiction of the estate of decedent, appoint a suitable and proper person as receiver thereof, with power and direction to administer thereon, to manage and keep safe the same; for partition of the real estate and for other relief that may be equitable.

The defendants have not yet answered the complaint. They procured the appointment of the defendant Achilles W. Vasiliades as guardian *ad litem* for the infant defendants, and as such he has been represented by the attorneys who represent the other defendants. The attorneys appeared in the action for all of the defendants and none is in default.

On July 21, 1951, plaintiff filed her petition praying for the appointment of a receiver for the purposes stated in the prayer of her complaint. Upon this petition Judge Littlejohn issued a rule on July 21, 1951, requiring the defendants to show cause on August 1, 1951, why the prayer of the petition should not be granted and a receiver appointed. Defendants served their return to the petition praying that it be adjudged sufficient and the rule discharged. They also demurred to the petition on the ground that it failed to state facts justifying the relief prayed.

The return to the rule was heard in due course and on November 2, 1951, Judge Littlejohn filed an order appointing Arthur D. Rich, Esquire, as receiver, quoting from the order, "with power and direction to administer upon the estate of Alexander Achilles Vasiliades, deceased, to take possession of, manage and keep safely the properties thereof and to receive the rents and revenues from said properties and to do all things necessary and proper with reference thereto." His bond was fixed at $4,000.00, and the receiver qualified forthwith by filing bond in that amount.

Thereafter the following took place:

November 12, 1951: Defendants served notice of appeal from the order appointing receiver.

November 12, 1951: Achilles W. Vasiliades filed bond for $4,000.00, as permitted by order of November 2, 1951, in lieu of surrendering to the receiver property of the decedent in his hands. Secs. 10-2305, 6, Code of 1952.

November 16, 1951: Achilles W. Vasiliades filed in the clerk's office a copy of a statement of The Citizens and Southern Bank for the period September 24, 1951, to October 20, 1951, showing a balance on the latter date of $3,483.04 to the credit of "A. W. Vasiliades, Agent De Luxe Liquor Store, 158 Branch Street, City", which was not verified.

December 18, 1951: Receiver filed Report and Petition alleging Achilles W. Vasiliades has not filed reports as required by order of November 2, 1951.

December 18, 1951: Receiver served notice of motion to summons Achilles W. Vasiliades and others before Master for examination and to require him to file additional bond.

December 1951: Receiver noticed motion to dismiss appeal from order of November 2, 1951.

January 4, 1952: Argument heard on pending motions of receiver to dismiss appeal and examine Achillies and others under oath.

January 25, 1953: Receiver noticed motion for order appointing appraisers of estate properties.

January 28, 1953: Defendants noticed motion to require plaintiff to post security for costs.

March, 1953: Achilles secured an order extending to March 31, 1953 time for him to file accounts as required by order of November 2, 1951.

May 21, 1953: Clerk of Court notified plaintiff's attorneys that Achilles W. Vasiliades had filed in the clerk's office, quoting, "a copy of the U. S. Fiduciary Income Tax Return for the Estate of A. A. Vasiliades for the years 1951 and 1952; also an affidavit from Achilles W. Vasiliades." The records in clerk's office show that the income tax returns filed were returns for the years 1951 and 1952, and that an affidavit was filed by Achillies stating that he was filing also the 1950 return, which however is not in the clerk's file.

March . ., 1954: Defendants noticed motions:

    (a) to dismiss the action,

    (b) to discharge receiver,

    (c) to require plaintiff to post costs security.

March 30, 1954: Plaintiff noticed motions:

    (a) for judgment for plaintiff,

    (b) for appointment of substituted guardian *ad litem,*

    (c) for employment of attorneys to represent guardian *ad litem* qualified under rules of court.

April 10, 1954: The pending motions were argued.

On November 6, 1954, Judge Littlejohn filed order which will be set out hereinafter in presently material part.

On December 6, 1954, plaintiff's attorney served notice for an order disposing of certain motions not previously disposed of and for other relief. After hearing, Judge Littlejohn filed an order on October 8, 1956, modifying the order filed November 6, 1954, in certain respects and overruling the motions otherwise. The order will be set out, except parts irrelevant to the appeal.

The appeal is upon exceptions to the orders of Nov. 6, 1954, and Oct. 8, 1956, which will be copied below, omitting immaterial parts. It appears that the long delay in the litigation was to await the result of an action in the courts of Greece which related to the validity of the marriage of appellant to decedent on May 13, 1950, a few months before his death on Sept. 30 of the same year. It further appears, from the copy of the judgment of the court of last resort of Greece, which is in the record, that the action resulted in an adjudication of invalidity of the marriage.

The foregoing statement of the facts and proceedings is drawn from that in the agreed transcript; if there are discrepancies in dates or otherwise, they are attributable to it.

The order of Nov. 6, 1954:

"This matter came before me on a number of motions on the part of both the plaintiff and the defendants, all of which have been argued and supported by briefs and authorities, and given full consideration by me.

"This action was commenced on March 16th, 1951, and seeks partition of property in this County in which Alexander A. Vasiliades had an interest at the time of his death intestate September 23rd, 1950.

"Plaintiff relies on a purported marriage to Alexander A. Vasiliades in Greece a few months before his death.

"The case has been before me on numerous motions from time to time since the commencement of the action.

"The plaintiff's current motion for judgment by default on the pleadings is denied as the case has been before me as a contested case on the main issues a number of times and this court is of the impression that there was a tacit understanding that answers would be filed when the return to the rule to show cause was made and argued. However, the plaintiff is at liberty to require filing of defendants' answer at any time the plaintiff's attorneys desire, and they may do so on reasonable notice.

"The plaintiff has also moved to require the appointment of disinterested parties other than Achilles W. Vasiliades as guardian *ad litem* for the minor defendants, such guardian *ad litem* to be represented by counsel other than present counsel. The court appreciates the duty of a guardian *ad litem* to seek independent counsel, but I do not feel that at this state of the controversy any such conflict of interest exists to require such expenses, and the motion is therefore denied.

"At the present time I deny the defendants' motion to dismiss the plaintiff's action for lack of prosecution. If the plaintiff does not take reasonable steps to bring her cause to trial within a reasonable time, taking into consideration the fact that it has been pending for more than three years, it may be proper for the defendants to renew this motion. This motion is refused without prejudice to such renewal.

"The defendants also presented a motion to dismiss the receiver. At the time the action was commenced, the complaint made out a *prima facie* case for relief by way of preserving status, and on plaintiff's application I appointed a receiver. Since the appointment of the receiver, the plaintiff has sought to establish status as the legal wife of Alexander A. Vasaliades in the trial and appellate courts of her native country, Greece, without success. It appears now that the court of last resort of Greece has held that the purported marriage relied on by the plaintiff was null and void from the beginning. In the interim, the receiver has been inactive and the court has acquiesced in his inactivity. These facts

now convince me that no necessity exists for continuance of a receiver, and the defendants' motion in this regard is granted, and it is ordered that Arthur D. Rich is hereby dismissed as Receiver. * * *

"If there are other motions noticed by any of the parties hereto not specifically ruled on in this order, such motions are held in abeyance."

The order of Oct. 8, 1956:

"This action was commenced on July 21, 1951, at which time the plaintiff was claiming an interest in her alleged husband's estate, and after the argument, a receiver was appointed by me on November 2, 1951, to protect that interest, she being in Greece at that time.

"While the matter has never been brought to trial, numerous motions are still pending before me, all of which I will dispose of in this order.

"(1) I refuse plaintiff's motion noticed December 10, 1951, for an Order of Reference to discover the assets of A. A. Vasiliades, which the receiver was directed to take over. The question has become moot by the defendants posting the bond, and also by my subsequent order discharging the receiver.

"(2) I refuse the plaintiff's motion of January 26, 1953, for an order appointing appraisers for the same reasons just stated. * * *

"(5) I must refuse order fixing compensation for the receiver and his attorneys. This question has given me considerable concern, because the court was in a position of having appointed a receiver for whom no compensation can rightfully be taken from the assets belonging to the defendants. However, the court is comforted that actually it is obvious he has served in name only, and has performed no service other than to his attorney. In like fashion, the court is convinced that Mr. Brown (plaintiff's counsel) has rendered services to the court receiver, and the court has no funds to make available to him as compensation, but the

court having appointed the receiver (as heretofore held erroneously) at the instigation of Mr. Brown, must leave him either uncompensated or looking to his client or the ultimate source of this suit for payment."

The questions presented by the appellant will be discussed and disposed of in the order in which they appear in the brief, without setting them out in full.

The first is, can the heirs of decedent who are citizens and residents of Greece control the descent of his property in this State by means of a decree of the Greek court in an action prosecuted by them and in which appellant was the sole defendant, commenced after the death of decedent, which purports to invalidate his marriage upon the ground of his lack of mental capacity, whereby appellant will not be heard in our courts upon the issue of the validity of her marriage?

The question assumes that the lower court has finally decided the issue, which is not our construction of the orders under appeal. They related to provisional remedies pending the action and do not constitute a decision upon the merits. *Pelzer, Rodgers & Co. v. Hughes*, 27 S. C. 408, 3 S. E. 781. *Jackson v. South Carolina Colored State Fair Ass'n*, 109 S. C. 283, 96 S. E. 116. Therefore, like the lower court, we do not undertake in this interlocutory appeal to pass upon the validity or the effect here of the judgment of the Greek courts. Such will doubtless be put in issue by the answer or answers of the defendants which may be required at the will of appellant, under the terms of the order of Nov. 6, 1954. It will then be for trial on the merits, upon which we intimate no opinion.

The unusual delay in the filing by respondents of their answer or answers has been explained above. They appeared in the action and none is in default. Therefore, appellant's motion for judgment in her favor upon the pleadings was properly denied. Reference is had to the order of Nov. 6, 1954, and its recitals with respect to this contention. This disposes of appellant's second and third questions.

The appointment of a receiver *pendente lite* by the court was purely a provisional remedy—to preserve the assets of the estate. When the appointment was made it appeared to the court that appellant was the widow of the decedent, without question. When it was later made to appear that it had been adjudicated otherwise, it was a proper exercise of the discretion of the court to revoke the receivership. No other heir or distributee was asking for it; indeed, all others were opposing. There is no contention that the adult respondents, who are in possession of the property, are insolvent, and no creditor has appeared in the action.

The appointment of a receiver is largely discretionary with the court to which the application is made. 45 Am. Jur. 26, 27, Receivers, Secs. 22, 23. Our decisions so holding may be found in 16 S. C. Dig. 200 Receivers, Key No. 8. It follows that revocation by the appointing court is likewise largely within its discretion. Receivership is a drastic course, allowed only under pressing circumstances and granted only with reluctance and caution. *Wrenn v. Wrenn,* 228 S. C. 588, 91 S. E. (2d) 267. As there said, and in other countless cases, receivership is a drastic remedy and refusal of revocation, under changed circumstances, is also drastic. Moreover, it appears that the appointment of the receiver was nullified by the posting of bond in behalf of the defendants pursuant to the provisions of the order of appointment, and perforce the terms of Sections 10-2305, 6, of the Code, as suggested in the order of Nov. 6, 1954. *Roberts v. Pipkin,* 63 S. C. 252, 41 S. E. 300. This appears to be the practice in at least some other jurisdictions without the aid of statute. 45 Am. Jur. 87, Receivers, Sec. 98.

Error is imputed for failure of the court to allow the receiver costs, compensation and attorney's fee. Like questions have long perplexed the courts, as is seen by reference to the annotation in 4 A. L. R. (2d) 160. However, it is simplified in this state by the statute, section 10-2309 of the code, which provides that when a receiver

has been appointed over opposition and it is finally adjudicated that the appointment was improper, the costs, charges and expenses of the receivership shall not be assessed against the property in litigation but only against the interest therein of the party who procured the appointment. A *fortiori,* they cannot be assessed against the adversary party or parties. The record indicates that the receiver in this case did not actually obtain possession of any property; the purpose and effect of the bond filed by respondents were to avoid that.

Appellant is not in position to complain that the guardian *ad litem* of the infant defendants is, himself, a defendant and as guardian is represented by the counsel who represent him, individually, and also represent the other defendants. There is no conflict in interest with respect to the claim of appellant. Her claim is in derogation of the claims of all of the defendants, in proportion to the respective claims of the latter. The record clearly indicates unity of interest and concert of action of the defendants.

Appellant contends by her final question that it was error to overrule the receiver's motions for discovery of assets and for the appraisal of them. But the receiver has been discharged or his appointment revoked, by order of the court and perforce the cited statutes, which sufficiently answers the question at this time. The court by its early orders assumed jurisdiction to administer the personal estate of decedent but subsequent developments moved it to relinquish that jurisdiction, and the action remains one to partition real estate. There is no claim of need to discover the latter; legal descriptions of it appear in the complaint. In the matter of the estate of decedents the Court of Common Pleas and the Probate Court have concurrent jurisdiction. *Beatty v. National Surety Co.,* 132 S. C. 45, 128 S. E. 40. *Davis v. Davis,* 214 S. C. 247, 52 S. E. (2d) 192. No sound reason is advanced against the propriety of relinquishment by the court of jurisdiction of the personal estate of the decedent. The receiver had made no substantial

progress in administration of it. The probate court is open for application for administration.

The real estate will remain subject to the judgment of the court, without the expense and harassment of the respondents that receivership inevitably entails. It is assumed that appellant has filed *lis pendens*. Sec. 10-501 of the Code.

We find no error in the orders under appeal, which are affirmed; and the case is remanded for further proceedings.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.