### 19967

Harry H. TUCKER, Individually and as Co-Executor of the Estate of Carl M. Tucker, Sr., Appellant, v. C. M. TUCKER, Jr., Individually and as Co-Executor of the Estate of Carl M. Tucker, Sr., et al., Respondents.

(212 S. E. (2d) 425)

50

*C. R. Pusser, Jr., Esq.,* of Chesterfield, *for Appellant and Respondent, Richard Roe,*

*Messrs. Harris, Griggs and Spruill,* of Cheraw, *for Respondents,*

February 26, 1975.

LITTLEJOHN, Justice:

The appellant Harry H. Tucker (in his individual capacity and as co-executor of the estate of his father, Carl M. Tucker, Sr.) brought this action against his brother Carl M. Tucker, Jr., individually and as co-executor of their father's estate, and against Carl M. Tucker, III, and Glenn Tucker (children of Carl M. Tucker, Jr.), and against John Doe, representing unborn children of Carl M. Tucker, Jr., and against Richard Roe, representing unborn children of Harry H. Tucker. In his complaint he asked the court to construe their father's will by holding that they, Harry H. Tucker and Carl M. Tucker, Jr., owned all of the assets of their father's estate in fee simple absolute, either as devisees or as sole heirs and distributees at law.

The answers of Carl M. Tucker, Jr., Carl M. Tucker, III, and Glenn Tucker denied generally the allegations of the complaint and asked the court to hold that Harry H. Tucker and Carl M. Tucker, Jr., own a life estate only. The guardian *ad litem* for John Doe takes the same position. The guardian *ad litem* for Richard Roe submits the rights of the unborn children of Harry T. Tucker to the protection of the court.

The lower court granted a summary judgment on behalf of the defendants and held that plaintiff-appellant owned merely a life estate as co-tenant with Carl M. Tucker, Jr. The appellant submits several questions to this Court for determination by way of this appeal. In our view the only question for our determination is: Did the lower court properly construe the will?

The applicable portions of the will are as follows:

"Item Two. I will, devise, bequeath and appoint to my beloved sons, C. M. Tucker, Jr. and Harry H. Tucker, for and during the term of their natural lives, all of my property,

real, personal and mixed, wheresoever situate and of whatever nature to which I may be legally or equitably entitled and over which I may have any power of appointment.

"Item Three. After the death of my said sons, the remainder to my natural grandchildren, absolutely, share and share alike. Should one or more of my said grandchildren predecease me, leaving a child or children the share of such grandchild or grandchildren to go to their said child or children. Should one of my said grandchildren predecease me without leaving a child or children, the share of such grandchild or grandchildren to go to the surviving grandchild or grandchildren.

"Item Four. I hereby nominate, constitute and appoint my said sons, C. M. Tucker, Jr. and Harry H. Tucker, as Co-executors of this my Last Will and Testament, and I direct executors, or the survivor to have full power and authority to sell and convey any of my real or personal property within their sole discretion and to execute deed or deeds thereto the same as I could do if living. The proceeds from any such sale to be reinvested as they deem advisable with the remaining corpus of my estate."

The testator at the time of the making of the will and at the time of his death had two sons, Harry H. Tucker and Carl M. Tucker, Jr.; he had two grandchildren, Carl M. Tucker, III, and Glenn Tucker, who are children of Carl M. Tucker, Jr. Harry H. Tucker has no children.

It is clear that the testator intended to convey a life estate to his two sons and a fee simple absolute to his surviving grandchildren. Appellant contends that since the two sons have the power to sell and convey the properties, the testator necessarily intended that they have a fee simple. Such an argument is without merit as the testator's language provides that the proceeds from any sale should be reinvested with the corpus of his estate.

When construing a will the court will strive to carry out the testator's intention as expressed in his will unless to do so would violate some settled principle

of law. The appellant argues several points, but did not convince the lower court and has not convinced this Court that any settled principle of law will be violated if the obvious intent of the testator is carried out.

We agree with the lower court that the complaint does not contain proper allegations for an accounting or a partition. The lower court held that its order was without prejudice to the rights of the parties to bring such actions. No error.

Affirmed.

Moss, C. J., and Lewis, Bussey and Ness, JJ., concur.