19990

C. M. TUCKER, Jr., Individually and as Executor of the Estate of Carl M. Tucker, Carl M. Tucker, III, and Glenn Tucker, Respondents, v. Harry H. TUCKER, Executor of the Estate of Carl M. Tucker, Appellant.

(213 S. E. (2d) 588)

*C. R. Pusser, Jr., Esq.,* of Chesterfield, *for Appellant,*

*Messrs. Harris, Griggs and Spruill,* of Cheraw, *for Respondent,*

*C. R. Pusser, Jr., Esq.,* of Chesterfield, *for Appellant, in Reply.*

April 9, 1975.

LITTLEJOHN, Justice:

C. M. Tucker died testate December 29, 1972. His sons, C. M. Tucker, Jr. and Harry H. Tucker, were named co-executors and as such have been administering the estate in the Probate Court for Chesterfield County since the early part of January, 1973.

A dispute between the two executors, involving their rights as devisees and the construction of the will, has heretofore been before this Court, resulting in opinion no. 19967, filed February 26, 1975, entitled *Tucker v. Tucker,* S. C., 212 S. E. (2d) 425. Reference is made to that opinion for a better understanding of the relationship of the parties and the issues now before this Court.

The action we now consider was commenced August 12, 1974, in the Circuit Court for Chesterfield County by C. M. Tucker, Jr., individually and as executor of his father's estate, and by his two sons, Carl M. Tucker, III and Glenn Tucker, against Harry H. Tucker as executor of the same estate. The plaintiffs pray the circuit court to remove Harry H. Tucker as co-executor and to enjoin him from contacting the agents of the Internal Revnue Service relative to valuations of estate properties. Based on the allegations of the complaint the resident judge issued a rule to show cause "why he [Harry H. Tucker] should not be disqualified as Co-executor . . . and why he should not be enjoined and restrained from taking any action which is adverse to the interests of the beneficiaries of the estate."

When the rule to show cause came to be heard, counsel for the defendant interposed a demurrer, contending that the circuit court was without jurisdiction "to issue an absolute rule and is without jurisdiction to hear and determine the merits of this action." The demurrer submitted that:

"1. Sections 15-444 and 15-445 of the Code of Laws of South Carolina, 1962, as amended, and the general common law of this State in cases made and provided grant unto the Probate Court for Chesterfield County the sole and exclusive jurisdiction of the subject matter of this action;

"2. Sections 15-444 and 15-445 of the Code of Laws of South Carolina, 1962, as amended, and the general common law of this State in cases made and provided grant unto the Probate Court the sole and exclusive right to remove an

executor from his duties in connection with the estate for which he has been duly appointed."

After a hearing on the rule to show cause and demurrer, the judge issued his orders overruling the demurrer and temporarily enjoining Harry H. Tucker as co-executor "from making further contacts with agents of the Internal Revenue Service relative to the estate tax . . ." The judge allowed the defendant to plead to the issues, and in effect ordered the case to proceed to trial on its merits in the circuit court.

Counsel for the defendant, in appealing to this Court, has framed nine exceptions, and submitted in his brief four basic queries. In our view the answer to the first question is dispositive of the entire case.

This Court is called upon to determine whether the circuit court, when the administration of the estate of a deceased person has been initiated and is being processed in the court of probate, has jurisdiction to entertain an action by one co-executor to remove the other co-executor and to settle a dispute between the two by way of injunction.

In deciding this question, a review of the applicable constitutional and statutory provisions is necessary.

In 1973, Article V, The Judicial Department, was ratified by the General Assembly.

Article V, § 7 reads as follows:

"Jurisdiction of Circuit Court—The Circuit Court shall be a general trial court with original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and shall have such appellate jurisdiction as provided by law."

Article V, § 8 reads in pertinent part as follows:

"Jurisdiction in matters testamentary and of administration, in matters appertaining to minors and to persons mentally incompetent, shall be vested as the General Assembly

may provide . . ." Section 15-444 of the Code reads in pertinent part as follows:

"Jurisdiction of judges—Every judge of probate, in his county, shall have jurisdiction in all matters testamentary and of administration . . ."

Code Section 7-201 is as follows:

"Jurisdiction of circuit court—The circuit court shall have appellate jurisdiction of all matters originally within the jurisdiction of the probate courts."

Respondents submit that inasmuch as the circuit courts have jurisdiction of all civil cases except those cases in which exclusive jurisdiction is vested in inferior courts, and since exclusive jurisdiction has not been vested in the courts of probate, the circuit courts may exercise jurisdiction over cases pending in the probate courts.

While it is true that the circuit court has general jurisdiction in civil matters, once the forum for the administration of an estate has been chosen, the forum or court so assuming jurisdiction has control of the administration of the estate and parties interested in estate matters should apply to the judge of that court. Administration of an estate cannot be in two courts simultaneously. Counsel for the appellant argues, and counsel for the respondent admits in his brief, that the Probate Court of Chesterfield County has jurisdiction to hear an action for the removal of an executor.

A discussion of the question involved is to be found in 20 Am. Jur. (2d) Courts § 128.

"C. Priority Principle as Controlling Exercise of Concurrent Jurisdiction

"§ 128. Generally. As a rule the exercise of concurrent jurisdiction is controlled by the principle of priority. According to this principle the court of concurrent jurisdiction that first exercises it thereby acquires exclusive jurisdiction to further proceed in the case. In other words, once a court

of concurrent jurisdiction has begun to exercise its jurisdiction over a case its authority to deal with the action is, subject to appellate review, exclusive until it is completely disposed of, and no other court of concurrent jurisdiction may interfere with the proceedings thus pending. . . .

. . . . .

"In several opinions 'comity' has been indicated as a motive of the courts to abide by the priority principle, but it appears that it is a legal duty of a court to abide by it, and that the rationale of the rule is to reduce the possibility of the conflicting exercise of concurrent jurisdiction, especially to reduce the undesirable possibility that a case involving the same subject matter and the same parties be simultaneously proceeded upon in more than one court. Several cases have pointed out that the applicability of the priority rule does not depend on whether one of the two courts of concurrent jurisdiction is superior in rank to the other such court. . . ."

Any dispute arising between executors relative to the management of the estate should be settled by the judge of the probate court in the first analysis.

Such jurisdiction as the circuit court has in dealing with the issues involved in this case is appellate only, in keeping with § 7-201 quoted hereinabove.

The demurrer should have been sustained.

Reversed.

Moss, C. J., and Lewis and Ness, JJ., concur.

Bussey, J., dissents.

Bussey, Justice (dissenting):

While counsel apparently concedes that the Probate Court has jurisdiction of a proceeding to remove an executor, no authority for such is cited. Assuming, without deciding, that the Probate Court does have such jurisdiction the Circuit Court, in my opinion, quite correctly decided that the Probate Court did not have exclusive jurisdiction as contended by appellant.

Under Article V, section 7 of the Constituton, the Circuit Court has original jurisdiction in all civil cases except those in which exclusive jurisdiction shall be given to inferior courts. The jurisdiction of the Probate Court of Chesterfield County is presently only that with which it was vested prior to the new Article V of the Constitution, to wit: only such jurisdiction as was vested in it by the General Assembly, but limited by section 19 of Article V of the Constitution of 1895.

I observe nothing in the statutory law which either literally or by necessary implication gives to the Probate Court exclusive jurisdiction in a case such as this. Assuming that the Probate Court does have jurisdiction, the entire case law of this State supports the conclusion of the Circuit Court that it has concurrent jurisdiction and that any jurisdiction which the Probate Court has is not exclusive. *Stairley v. Rabe,* McMullans Equity 22; *Walker v. Russell,* 10 S. C. 82; *Witte Brothers v. Clarke,* 17 S. C. 313; *Witherspoon v. Watts,* 18 S. C. 396; *Epperson v. Jackson,* 83 S. C. 157, 65 S. E. 217; *Smith v. Heyward,* 115 S. C. 145, 105 S. E. 275; *Beatty v. National Surety Co.,* 132 S. C. 45, 128 S. E. 40; *Davis v. Davis,* 214 S. C. 247, 52 S. E. (2d) 192; *Vasiliades v. Vasiliades,* 231 S. C. 366, 98 S. E. (2d) 810. Additional cases holding the jurisdiction of the Court of Common Pleas to be concurrent with that of the Probate Court are collected in West's South Carolina Digest, Courts Key No. 472(4).

In *Davis v. Davis, supra,* the Court held "In such matters as the Probate Court may be granted jurisdiction, it is no longer subject to doubt but that the Court of Common Pleas has concurrent jurisdiction on such matters with the Court of Probate."